FRONT ST. CABLE RY. CO. v. DRAKE, Marshal, et al.

(Circuit Court, D. Washington, N. D. January 21, 1895.)

No. 469.

1. EXECUTION—REAL ESTATE—RIGHT OF POSSESSION.
    As, under the laws of Washington, a levy of execution on real estate gives no right of possession, where an officer levies on and takes possession of all the property of a street railway, its real estate as well as the personal property used in connection therewith, the levy will be considered an entirely and wholly wrong; and the operation of the road being stopped, and the franchise therefore being in danger of forfeiture, and the company being insolvent, all the property will be taken from the officer's possession.

2. JURISDICTION—FEDERAL QUESTION.
　　Where a United States marshal, under authority assumed by virtue
　　of his office, and under an execution from a United States court, wrong-
　　fully takes possession of real estate, a federal court has jurisdiction of a
　　suit to redress the wrong, as a case arising under the laws of the United
　　States.

　　Suit by the Front Street Cable Railway Company against James C. Drake, marshal, and others.

　　Joslin, Denny & Bailey, for complainant.
　　Shank & Smith, for defendants.

　　HANFORD, District Judge. The bill shows that the complainant is a street-railway corporation; that it was granted a franchise for operating a cable road in the streets of the city of Seattle; that it is the owner of a street railway, a power plant, and rolling stock, and was, up to the time of the levy of the execution, operating a street railway with that property and under that franchise. Under a writ of execution issued in favor of the defendant the Washburn & Moen Manufacturing Company out of this court, for the satisfaction of a judgment of this court, in favor of said manufacturing company, the marshal made a levy on all this property. The bill then goes on to allege that, assuming the right by virtue of that levy, the marshal took possession of all this property, and dispossessed the complainant of its power house and its street railway, as well as its rolling stock, and stopped the operation of the road. The bill shows that there is a prior lien on all this property under a mortgage given to secure a bonded indebtedness of $300,000. The corporation has other creditors, and is unable to pay its debts; and it shows that it is practically in a condition of insolvency, and unable to help itself, with this property in the hands of the marshal. Now, the laws of this state are invoked by this judgment creditor, and we are told that the court has no right to set aside the statutes of this state, which give the creditor the right to have its execution levied, and to sell the interest of the judgment debtor in the property. Conceding that proposition, a party invoking the laws of the state must be judged by the laws of the state. This case may be rested upon the laws as to the right of possession of this property; and, instead of this court having disregarded the laws of this state in wresting the property from the possession of the marshal, the marshal has gone contrary to law in taking immediate and forcible possession of the property from the corporation. That invasion of the rights of the corporation is ground of complaint, upon which it may come into this court, and ask for protection; and the duty of the corporation to its bonded creditors and its unsecured creditors requires that it should seek for proper relief, because, by seizing its property, the marshal jeopardized their interests, which are not subject to execution for the debt of the corporation. One effect of stopping the railway is likely to be a forfeiture of the franchise for use of the public streets of the city, which means a total destruction of the most valuable part of the security of the bondholders, as well as great inconvenience to the public. The main part of this prop-

erty consists of real estate. The power house and street railway is certainly real estate, and it is a question that I will not assume to decide now whether the rolling stock is real estate or not; but it is certain that only a small fragment of the property that has been taken from the possession of the corporation by the marshal (according to the allegations of the bill) consists of personal property, which the marshal had the right to take into his possession, and dispossess the corporation of, in making a levy. The law of this state prescribes that the manner of making a levy under a writ of execution shall be the same as that prescribed for making a levy under a writ of attachment. Under a writ of attachment, a levy on real estate is made by filing a copy of the writ, and a description of the property attached, with the county auditor. After such levy by virtue of an execution the officer can sell the interest of the judgment debtor in the property, and, after the sale, if the interest sold includes a right to the possession, the purchaser becomes entitled to possession from the day of the sale. An execution upon a judgment against the owner of a building would not require nor authorize the officer, in making a levy on such real estate, to take actual possession and interrupt the business of tenants occupying stores and offices therein by closing their doors. Such a proceeding would not be tolerated. By reason of this unlawful invasion of the complainant's right of possession in the property, there is a cause of complaint. The amount and value involved is sufficient to bring the case within the jurisdiction of this court. It is a case arising under the laws of the United States, because the wrong was done by an officer of the United States, under authority assumed by virtue of his office and process from the United States court. All the facts essential to give jurisdiction are stated in the bill of complaint. If the defendants have any ground of complaint at all, it is in going to the extent of taking out of the marshal's hands personal property which could have been properly levied upon, by taking possession. But all the personal property is connected with the real estate, and I think, in view of the wrongful proceedings of the marshal, the court is justified in treating the levy as an entirety, and wholly wrong. On that ground the court is warranted in exercising its power to the extent of dispossessing the marshal entirely of all he took under the writ, and putting it into the hands of the receiver for the benefit of whoever has any right, whether the bondholders or other creditors or the Washburn & Moen Manufacturing Company. If they are entitled to have this property sold, upon a proper showing the court will sell it, and distribute the proceeds to whoever has the right to take it under the law. If they have acquired any lien by this levy, that lien has been protected so far, and will be; but the case is one that appeals strongly to the conscience of the court on account of the manifest destruction that is imminent if, under the levy of this writ, the marshal should be allowed to continue in possession, and, by stopping the operation of the railway, work a forfeiture of the franchise, and then sell this plant and the cars and tools for what

they will bring as old junk. The demurrer will be overruled, and the petition to repay the complainant its disbursements for fees of the clerk and marshal will be granted. The receiver will be directed to pay all the clerk's fees and marshal's fees charged in connection with the commencement and prosecution of this case up to this time.